United States District Court
Southern District of Texas
FILED

FEB 15 2023

Nathan Ochsner, Clerk

United States District Court
Southern District of Texas
**ENTERED**
February 15, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| DAVID P. OROPEZA-HERNANEZ, § § Plaintiff, § § VS. § § KILOLO KIJAKAZI, Acting § Commissioner of the Social Security § Administration, § § Defendant. § | CIVIL ACTION NO. 7:22-CV-0230 |

### REPORT AND RECOMMENDATION

Plaintiff David Oropeza-Hernandez filed this action seeking judicial review of a final decision by the Acting Commissioner (the "Commissioner") of the Social Security Administration (the "SSA") denying Plaintiff's applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Pending is an *Unopposed Motion to Reverse and Remand* (the "Motion to Remand") (Dkt. No. 15), whereby the Commissioner requests reversal of the final decision and remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Based on a *Joint Stipulation Clarifying the Basis for an Unopposed Remand* (Dkt. No. 17), the parties explain that further fact-finding is necessary with respect to certain conflicts in the testimony of Dr. Mary D. Weber, a vocational expert who opined that Plaintiff was able to perform "light" work despite his physical limitations (*see id.* at 1-2). The parties also explain that further fact-finding is necessary as to the date that Plaintiff was last insured. (*Id.* at 2).

This case was referred to the Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1). After review of the parties' briefing, the record, and the relevant law, the Magistrate Judge RECOMMENDS that the Motion to Remand (Dkt. No. 15) be GRANTED, and

that the final decision of the Commissioner be REVERSED and REMANDED to the SSA for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

## I. THE SOCIAL SECURITY FRAMEWORK

### A. Five-Step Disability Determination

Social Security is a program whereby the federal government, through the SSA, provides monetary benefits to eligible individuals with disabilities, among others. *United States v. Froehlich*, 2011 WL 13286700, at *1 (C.D. Cal. Feb. 25, 2011). In determining whether a claimant is disabled and entitled to benefits, the SSA applies the five-step sequential process delineated by 20 C.F.R. § 404.1520(a)(4), which involves asking whether:

> (1) the claimant is participating in substantial gainful activity; (2) the claimant's ability to work is significantly limited by a physical or mental impairment; (3) the claimant's impairment meets or equals an impairment listed in the appendix to the regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the claimant cannot presently perform other relevant work.

*Winterroth v. Comm'r of Soc. Sec.*, 2021 WL 5639618, at *5 (S.D. Tex. Dec. 1, 2021) (citing *Martinez v. Chater*, 64 F.3d 172, 173-74 (5th Cir. 1995)).

In assessing "step one," a finding that the claimant is participating in substantial gainful activity—or work that involves significant physical or mental activities and is done for profit—precludes a finding of disability. 20 C.F.R. §§ 220.141, 404.1520(a)(4)(i).

If a claimant is not engaging in substantial gainful activity, the analysis proceeds to "step two," where it is determined whether the claimant has a medical impairment (or combination of impairments) that is "severe," or that significantly limits their ability to perform work activities. *Id.* §§ 220.102, 404.1520(a)(4)(ii). The impairment must have lasted or be expected to last for a continuous twelve-month period unless it is expected to result in death. *Id.* § 404.1509. Making

this determination involves the consideration of medical opinions by medical sources, or licensed healthcare workers who work within the scope of their practice. *Id.* §§ 404.1502(d), 404.1520c(a).

At "step three," a determination that an impairment is of sufficient duration and meets or exceeds an impairment listed in the applicable appendix necessitates a finding of disability, such that the claimant is entitled to benefits. *Id.* § 404.1520(a)(4)(iii).

If the third step is not satisfied, the analysis proceeds to "step four," where (i) the claimant's residual functional capacity ("RFC") is determined and (ii) it is assessed whether the claimant has the capacity to perform the requirements of any past relevant work. *Id.* § 404.1520(a)(4)(iv). The claimant's RFC refers to their ability to do physical and mental work activities on a regular and continuing basis despite any limitations from impairments. *Id.* § 220.120(a)-(c). A "regular and continuing basis" means eight hours a day for five days a week, or an equivalent work schedule. SSR 96-8P, 1996 WL 374184, at *1 (July 2, 1996). If their RFC allows the claimant to complete past relevant work, then they are not disabled. 20 C.F.R. § 404.1520(a)(4)(iv).

If a claimant cannot complete past relevant work, then the analysis proceeds to "step five," where it is determined whether the claimant is able to do any other work considering their RFC, age, education, and work experience. *Id.* § 404.1520(a)(4)(v). If the claimant is unable to do any other work considering these factors, they are disabled. *Id.* If the claimant can do other work, they are not disabled. *Id.* The claimant has the initial burden of proving disability, but in assessing this last step, the burden shifts to the SSA to show that the claimant can perform work in the national economy. *Id.* § 404.1560(c)(2); *see also Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

### B. Evidence Considered Under Step Five

To satisfy its burden under the fifth step, the SSA must generally produce expert vocational testimony or other similar evidence. *Fields v. Bowen*, 805 F.2d 1168, 1170 (5th Cir. 1986) (per

curiam). Vocational experts will assess the effect of any limitation on a given range of work and opine whether the RFC permits the claimant to perform substantial numbers of occupations within the range of work at issue. *Conaway v. Astrue*, 2008 WL 4865549, at *4 (N.D. Tex. Nov. 10, 2008) (citing *Gravel v. Barnhart*, 360 F. Supp. 2d 442, 448 (N.D.N.Y. 2005)); *see also* SSR 00-4P, 2000 WL 1898704, at *2 (Dec. 4, 2000). Typically relied on by vocational experts is the Department of Labor's Dictionary of Occupational Titles (the "DOT"), which provides "standardized occupational information to support job placement activities[,]" or list descriptions of the requirements for different jobs in the national economy.[1] *Dictionary of Occupational Titles* at xv (4th ed. 1991); *see also* SSR 00-4P, 2000 WL 1898704, at *2; 20 C.F.R. § 404.1566(d)(1). While neither the vocational expert testimony nor the DOT is per se controlling, *see Carey v. Apfel*, 230 F.3d 146, 147 (5th Cir. 2000), the testimony should generally be consistent with the occupational information in the DOT, *see* SSR 00-4P, 2000 WL 1898704, at *2. When the testimony does conflict with the DOT, the SSA may rely on the testimony provided that the record reflects an adequate basis or a reasonable explanation for deviating from the DOT.[2] *Conaway*, 2008 WL 4865549, at *6 (citing *Carey*, 230 F.3d at 146-47).

---

[1] The two volumes of the DOT are available at www.dol.gov/agencies/oalj/topics/libraries/LIBDOT (last visited Feb. 3, 2023).

[2] As one court from the Northern District of Texas has explained, there is a split in circuit authority as to whether the SSA may rely on conflicting vocational expert testimony:

> Some courts permit the ALJ to rely on such testimony even if it conflicts with the DOT. *See Jones v. Apfel*, 190 F.3d 1224, 1229-30 (11th Cir. 1999), *cert. denied*, 529 U.S. 1089 (2000); *Conn v. Sec'y of Health & Hum. Servs.*, 51 F.3d 607, 610 (6th Cir. 1995); *Sawyer v. Apfel*, 1998 WL 830653, at *1 (4th Cir. Dec. 2, 1998). By contrast, the Eighth Circuit has held that the DOT job descriptions are generally more reliable than the conflicting testimony of a vocational expert. *Smith v. Shalala*, 46 F.3d 45, 47 (8th Cir. 1995). Still other courts, including the Fifth Circuit, have adopted a "middle ground" approach which allows the ALJ to rely on vocational expert testimony if the record reflects an adequate basis or a reasonable explanation for deviating from the DOT. *See Carey*, 230 F.3d at 146-47 (5th Cir. 2000); *Haddock v. Apfel*, 196 F.3d 1084, 1091-92 (10th Cir. 1999); *Johnson v.*

## C. Review of Non-Disability Determinations

A claimant may seek reconsideration of an initial finding of non-disability. *See* 42 U.S.C. § 1395ff(b)(1)(A). If the initial denial is upheld, a claimant may request a hearing before an Administrative Law Judge ("ALJ"), who will issue a written decision regarding the claimant's ostensible disability. *See* 20 C.F.R. § 404.1520a(e). A claimant can then request review by the Social Security Appeals Council (the "Appeals Council"). *See id.* If the Appeals Council denies a request for review or otherwise upholds an unfavorable decision by an ALJ, the claimant can seek judicial review in an appropriate federal district court. *See* 42 U.S.C. § 1395ff(b)(1)(A).

## II. ADMINISTRATIVE PROCEDURAL HISTORY

On October 3, 2019, Plaintiff protectively filed applications with the SSA for DIB under Title II of the Social Security Act, 42 U.S.C. §§ 416(i) and 423, and SSI under Title XVI of the Social Security Act, 42 U.S.C. § 1382c(a)(3). (*See* Dkt. No. 8-10 at 2-12).

After his applications were denied as part of a preliminary review (Dkt. No. 8-5 at 11-23), Plaintiff requested a hearing before an ALJ (*id.* at 24).

The ALJ dismissed Plaintiff's request for a hearing on his DIB claim because his last insured date—December 31, 2012—expired before the claimed onset date of disability of September 24, 2019. (Dkt. No. 8-3 at 28). The Appeals Council, however, would ultimately vacate the ALJ's order of dismissal and remand for further proceedings upon recognizing that the date last insured was in fact December 31, 2025. (*Id.* at 2-5). The DIB claim awaits adjudication by the ALJ, presumably pending this judicial review.

---

*Shalala*, 60 F.3d 1428, 1434-35 (9th Cir. 1995); *Tom v. Heckler*, 779 F.2d 1250, 1255-56 (7th Cir. 1985); *Mimms v. Heckler*, 750 F.2d 180, 186 (2d Cir. 1984).

*Conaway*, 2008 WL 4865549, at *6 (citations modified).

In the meantime, on July 29, 2021, a hearing was held before an ALJ with respect to Plaintiff's SSI claim. (Dkt. No. 8-7 at 2; Dkt. No. 8-3 at 53). Plaintiff, who was represented by counsel, testified regarding his ostensible disability. (Dkt. No. 8-3 at 60-67). Dr. Weber also offered vocational expert testimony regarding Plaintiff's ability to complete hypothetical tasks and perform related employment duties. (*Id.* at 68-72).

On September 20, 2021, the ALJ issued an unfavorable decision, finding that Plaintiff was not disabled. (*Id.* at 22, 28-44).

On May 16, 2022, the Appeals Council summarily denied Plaintiff's request for review as to the SSI claim. (*Id.* at 9-12).

On July 18, 2022, having exhausted his administrative remedies, Plaintiff filed the instant case for judicial review. (Dkt. No. 1).

### III. THE ALJ'S DECISION

In applying the first two steps of the sequential process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 24, 2019, and that Plaintiff suffered from severe impairments, including degenerative disc disease, osteoarthritis of the knees, obesity, anxiety disorder, and depression. (Dkt. No. 8-3 at 31).

At step three, the ALJ determined that Plaintiff's impairments did not meet or medically equal the severity of those in the applicable appendix. (*Id.* at 31-34).

The ALJ moved to step four and determined Plaintiff's RFC, concluding that Plaintiff could perform light work. (*Id.* at 34-42). In pertinent part, the ALJ found that Plaintiff—

> has the [RFC] to perform light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b) except he can lift, carry, push, and pull up to 20 pounds occasionally and up to 10 pounds frequently; sit normally in an 8-hour day; and stand or walk for no more than 2 hours in an 8-hour day. He can occasionally climb ramps and stairs, stoop, crouch, kneel, and crawl, but never climb ladders, ropes, or scaffolds, or be exposed to unprotected heights or hazardous machinery. He can occasionally

use foot controls bilaterally. He can perform simple, routine tasks, with no fast-paced production work, and occasionally interact with the general public.

(*Id.* at 34-35).

For reference, "light work" involves "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 416.967(b). While "the weight lifted may be very little," a job is considered light when it either "requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." *Id.* If someone can perform light work, then they can also perform sedentary work, "unless there are additional limiting factors such as loss of fine dexterity or [an] inability to sit for long periods of time." *Id.* "Sedentary work," in turn, "involves sitting" and "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." *Id.* § 416.967(a).

Based on this light work determination—including the finding of Plaintiff's limitation to stand/walk for no more than two hours in an eight-hour workday—the ALJ concluded for purposes of step four that Plaintiff's RFC precluded him from performing past relevant work. (Dkt. No. 8-3 at 41-42).

The ALJ then assessed, under step five, whether Plaintiff could perform tasks for any other occupations for which there are a substantial number of jobs. (*Id.* at 42-43). In doing so, the ALJ considered the testimony of Dr. Weber, who opined that in her experience there were substantial jobs requiring a light exertional level but could otherwise be performed without the need to stand/walk for six hours. (*Id.* at 43). Based on Dr. Weber's opinion, the ALJ determined that Plaintiff could make a successful adjustment to other work. (*Id.*).

Accordingly, the ALJ denied Plaintiff's application for SSI benefits. (*Id.* at 43-44).

## IV. REMAND

A district court is authorized by 42 U.S.C. § 405(g) to remand a social security case to the Commissioner for further administrative action. *See Melkonyan v. Sullivan*, 501 U.S. 89, 101 (1991). This authorization is limited to that afforded by § 405(g)'s sentence four or sentence six. *Id.* at 100-01. "[R]emand orders must either accompany a final judgment affirming, modifying, or reversing the administrative decision in accordance with sentence four, or conform with the requirements outlined by Congress in sentence six." *Id.*

The fourth sentence of section 405(g) authorizes a district court to issue a remand order upon the pleadings and transcript of the record, either affirming, modifying, or reversing the Commissioner's decision. 42 U.S.C. § 405(g). A sentence-four remand is appropriate when the evidence on the record is insufficient to support the Commissioner's final decision and further fact-finding is necessary. *See Sullivan v. Finkelstein*, 496 U.S. 617, 625-26 (1990). Essentially, a sentence four remand is a determination that the SSA erred in deciding to deny benefits. *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 605 (9th Cir. 2007).

A sentence-six remand is a different kind of remand insofar as the district court does not affirm, modify, or reverse the Commissioner's decision; a case is remanded, rather, "because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding." *Melkonyan*, 501 U.S. at 98.

## V. ANALYSIS

The parties request a sentence-four remand to address conflicts with the ALJ's decision and to provide an opportunity for additional fact-finding. (Dkt. No. 15 at 1-2). The two proposed

issues to be addressed on remand concern (1) the ALJ's reliance on Dr. Weber's RFC testimony and (2) Plaintiff's last insured date. (Dkt. No. 17 at 1-2). These are discussed in turn.

## A. The ALJ's Reliance on Dr. Weber's Testimony

The parties agree that the ALJ improperly relied on Dr. Weber's testimony that Plaintiff, who is limited to two hours of standing/walking in an eight-hour workday, could work light jobs despite the DOT, which provides that the jobs identified by Dr. Weber require standing for up to six hours in an eight-hour workday. (Dkt. No. 17 at 1-2).

Dr. Weber opined that Plaintiff could perform light jobs—such as a routing clerk, silver wrapper, produce sorter, ticket taker, and small products assembler. (Dkt. No. 8-3 at 43, 69-70). She also opined that, based on her experience, these jobs could be performed with reduced standing/walking to two hours. (*Id.* at 43, 70-71). Although Dr. Weber specifically noted that her opinion was inconsistent with or not addressed by the DOT (*id.* at 72), the ALJ determined that her testimony was "consistent with the information contained in the [DOT]" (*id.* at 43).

Contrary to Dr. Weber's testimony, the DOT indicates that Plaintiff would not be capable of performing light jobs because those jobs require standing/walking up to six hours in an eight-hour workday.[3] *See* SSR 83-10, 1983 WL 31251, at *6 (Jan. 1, 1983). Several courts have deemed "inherently contradictory" or "incongruent" the finding that a claimant can somehow do light work despite being limited to two hours of standing/walking, which is instead consistent with sedentary work.[4] Otherwise, the parties seem to agree that the ALJ did not articulate an adequate basis for relying on Dr. Weber's testimony and over the DOT. *See Conaway*, 2008 WL 4865549, at *6-7.

---

[3] *See generally* DOT §§ 222.687-022 (routing clerk job description), 318.687-018 (silver wrapper job description), 344.667-010 (ticket taker job description), 529.687-186 (agricultural produce sorter job description), 706.684-022 (bench assembler job description).

[4] *See, e.g., Wilkerson v. Comm'r of Soc. Sec.*, 278 F. Supp. 3d 956, 971 (E.D. Mich. 2017); *Villareal v. Colvin*, 221 F. Supp. 3d 835, 847-51 (W.D. Tex. 2016); *McClure v. Comm'r of Soc. Sec.*, 2016 WL

For these reasons, the Magistrate Judge concludes that the ALJ's decision should be reversed and remanded to address any conflicts between Dr. Weber's vocational expert testimony and the DOT with respect to the jobs identified.

## B. Plaintiff's Last Insured Date

The parties also agree that the ALJ erred in relying on an incorrect last insured date, which resulted in the dismissal of Plaintiff's DBI claim without a hearing. (Dkt. No. 17 at 2).

To be eligible for disability benefits, a claimant must demonstrate that they were disabled as of the date on which they were last insured. *See* 42 U.S.C. § 423(c); *see also Demandre v. Califano*, 591 F.2d 1088, 1090 (5th Cir. 1979) (per curiam), *cert. denied*, 444 U.S. 952 (1979). If a claimant does not show that an existing condition rendered them disabled prior to the last insured date, then benefits must be denied. *See, e.g., Arnone v. Bowen*, 882 F.2d 34, 38 (2d Cir. 1989).

Plaintiff's DBI application was dismissed on the basis that his last insured date was December 31, 2012—which preceded the alleged onset date of disability of September 24, 2019. (Dkt. No. 8-3 at 4, 28). Relying on this date, the ALJ dismissed Plaintiff's DBI claim and only considered his SSI claim. (*See id.* at 2-5, 29). The Appeals Council later determined that Plaintiff's last insured date was actually December 31, 2025, and thus that "a remand [was] necessary so that the [DBI claim] [could] also be adjudicated." (*Id.* at 4).

For these reasons, the Magistrate Judge concludes that the ALJ's decision should be reversed and remanded to allow the Commissioner an opportunity to consider all the relevant evidence and issue a new decision on Plaintiff's claims in accordance with the correct last insured date of December 31, 2025.

---

4628049, at *5-7 (S.D. Cal. Aug. 9, 2016); *Ferdin v. Colvin*, 2015 WL 7767980, at *11 (W.D. Tex. July 30, 2015); *Campbell v. Astrue*, 2010 WL 4689521, at *5 (E.D. Pa. Nov. 2, 2010).

## VI. CONCLUSION

The Magistrate Judge RECOMMENDS that the Motion to Remand (Dkt. No. 15) be GRANTED, and that the final decision of the Commissioner be REVERSED and REMANDED to the SSA for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should be instructed to address any conflicts between the vocational expert's testimony and the DOT with respect to the jobs identified and offer Plaintiff an opportunity to present supplemental vocational expert evidence. The ALJ should also consider all the relevant evidence and issue a new decision on Plaintiff's claims for disability insurance benefits and supplemental security income in accordance with the correct last insured date.

### *Notice to the Parties*

Within fourteen (14) days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file written objections within fourteen (14) days after service shall bar an aggrieved party from de novo review by the District Court on an issue covered in this report and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of clear error or manifest injustice.

DONE at McAllen, Texas this 15th day of February 2023.

J. SCOTT HACKER
United States Magistrate Judge